UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY JO FLYNN, | ) | Case No.: 1:17 CV 1818 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant | ) | ORDER |

Plaintiff Kelly Jo Flynn ("Flynn") appeals the Acting Commissioner of Social Security's ("Commissioner") final decision denying her application for disability insurance benefits ("DIB"), pursuant to 42 U.S.C. §§ 1383(c) and 405(g). (Compl., ECF No. 1.)

Flynn asserts that the Administrative Law Judge ("ALJ") erred when he failed to properly evaluate the medical opinions in the record when he ultimately found that Flynn was not disabled because she is able to perform jobs that exist in significant numbers in the national economy, such as a dishwasher, janitor, or groundskeeper. (*See* Flynn's Merit Br., ECF No. 15.) The Commissioner argues that substantial evidence supported the ALJ's decision because the ALJ properly considered the relevant medical opinion evidence in light of the medical record as a whole. (*See* Comm'r's Merit Br., ECF No. 18.)

On July 23, 2018, Magistrate Judge James R. Knepp, II ("Magistrate Judge" or "Judge Knepp"), submitted a Report and Recommendation, pursuant to Local Rule 72.2, recommending that the Commissioner's final decision be affirmed because it is supported by substantial evidence. (R & R, ECF No. 20.) First, the Magistrate Judge determined that, although the opinion of treating

physicians is generally given "controlling weight" if it is supported by medically acceptable clinical and laboratory diagnostic techniques, and if it is not inconsistent with other substantial evidence in the case record, the ALJ properly articulated "good reasons" to give the opinion evidence provided by Cristina Canella, CNP, little weight. (*Id*. at 15–18.) Particularly, because her opinion that Flynn would be absent from work up to two days a month was contradicted by the generally normal mental status findings present in the record. (*Id*.) The Magistrate Judge also determined that the ALJ's reasons for discounting the opinion evidence of the examining physician Rita Politzer, Ph.D., is supported by the record because Dr. Polizter based many of her findings on Flynn's own self-reported symptoms and history, which an ALJ is not required to accept. (*Id*. at 18–19.) Finally, the Magistrate Judge determined that the ALJ did not error in assigning "great weight" to the opinions of the state agency reviewing physicians Janet Souder, Psy.D., and Connie Jenkins, M.D., because, unlike the opinions of Ms. Canella and Dr. Politzer, their opinions were internally consistent, and consistent with the overall record. (*Id*. at 19–21.)

On August 6, 2018, Flynn filed a response, indicating that she would not be filing any objections to the R&R. (Flynn's Resp., ECF No. 21.) When no objection has been filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require the district court review of a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

After careful review of Judge Knepp's R&R, and all other relevant documents in the record, the court finds no clear error. Accordingly, the court adopts as its own Magistrate Judge Knepp's

R&R (ECF No. 20) in its entirety and hereby affirms the Commissioner's final decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

August 8, 2018